# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA D. TERHUNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:18-cv-1440-WTL-MJD |
| | ) |
| BANK OF AMERICA, NA., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Bank of America NA.'s Motion to Dismiss (Dkt. No. 20). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

## I. LEGAL STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

## II. FACTUAL BACKGROUND

On May 9, 2018, the Plaintiff filed suit against the Defendant alleging that the Defendant willfully or negligently violated the Fair Credit Reporting Act. The facts alleged in the Complaint are as follow, and, for the purposes of this motion, are taken as true.

On or about December 13, 2012, the Plaintiff filed a Chapter 13 bankruptcy proceeding, Cause No. 12-14468-RLM-7, in the Southern District of Indiana. The Defendant was listed on the Plaintiff's Schedule D, showing a claim in the amount of $218,000.00. This proceeding was subsequently converted to a Chapter 7, and the Plaintiff received a discharge which covered the debt to the Defendant on December 13, 2016.

In approximately June 2017, the Plaintiff obtained a copy of her credit report from Defendant Experian Information Solutions. According to the Plaintiff:

> That report contained erroneous and misleading information as provided by a number of furnishers including [the Defendant]. Specifically, the Experian Credit Report failed to indicate [the Plaintiff's] former debt was discharged via the aforementioned Chapter 7 bankruptcy proceedings yet reported the mortgage multiple times. In addition, the credit report suggested that [the Plaintiff] owed a balloon payment on the discharged obligation.

Dkt. No. 1 at 6. The Plaintiff sent Experian a letter dated June 9, 2017, disputing the information and explaining to Experian why she believed the reporting to be inaccurate and misleading. Experian is believed to have subsequently notified the Defendant of the dispute.

On August 18, 2018, Experian informed the Plaintiff that it had researched her dispute and determined that it was reporting it correctly. However, "Experian provided a copy of the tradeline as reported that merely reproduced the errors identified by [the Plaintiff] in [her] original dispute letter," including a balloon payment of $14,142.00 owed to the Defendant which failed to refer to the Chapter 7 proceeding. *Id*.

## III. DISCUSSION

At issue in this motion is whether the Plaintiff's credit report contained an inaccuracy which can form the basis of the Plaintiff's claim. According to the Plaintiff:

> [T]he tradeline relative to the former obligation to [the Defendant] still failed to indicate that the debt was discharged, stated that [the Plaintiff] owed a balloon payment of $14,142.00 due December 2013, and unlike each of the other tradelines failed to refer to [the Plaintiff's] Chapter 7 proceedings.

Dkt. No. 1 at 6. As the Defendant notes, the "Plaintiff is not alleging that the information was inaccurate at the time it was reported in 2012, but rather Plaintiff claims that [the Defendant] had a duty to go back and fix historically accurate information on a service transferred account due to a bankruptcy discharge four years later." Dkt. No. 21 at 7. In response, the Plaintiff argues that "the reporting at issue is patently inaccurate because: (1) [the Plaintiff] does not presently owe $14,142 to [the Defendant] (or any other successor in interest) nor will she in Dec[ember] 2036 [(at the end of the mortgage term)]; and (2) [the Plaintiff's] obligation to [the Defendant] was discharged." Dkt. No. 32 at 8. Such arguments fail, however, because the Defendant is not currently reporting inaccurate information, and the Plaintiff has failed to articulate why the Defendant should amend a report that was accurate at the time it was issued.

Furthermore, to the extent the Plaintiff argues that the inclusion of the Defendant's tradeline is misleading, the Court disagrees. The Plaintiff alleges that the credit report fails to show that the mortgage was discharged through Chapter 7 bankruptcy, but this is not the case. Indeed the credit report shows the transfer of the mortgage to Select Portfolio Services and subsequent discharge through Chapter 7 bankruptcy. Dkt. No. 1-5 at 3.

In responding to the motion to dismiss, the Plaintiff for the first time raises the possibility that the information reported by the Defendant was inaccurate at the time it was reported. The

proof of claim filed by the Defendant in the bankruptcy proceeding belies that assertion.[1] In any event, the Plaintiff's Complaint does not contain such an allegation, but rather only alleges that the Defendant failed to address the discharge.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss, Dkt. No. 20, is **GRANTED**. **If the Plaintiff believes she can in good faith assert facts that state a claim against the Defendant, she may file a motion for leave to file an amended complaint within fourteen days of the date of this Entry. Should the Plaintiff not do so, the Court will dismiss this case with prejudice, and final judgment will be entered in favor of the Defendant.**

SO ORDERED: 11/28/18

*[signature]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Court takes judicial notice of the proof of claim, upon which both parties rely. "A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment," and "[j]udicial notice of . . . documents contained in the public record . . . is proper." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).