UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LISA D. TERHUNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:18-cv-1440-WTL-MJD |
| | ) | |
| BANK OF AMERICA, NA., | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON PLAINTIFF'S MOTION TO AMEND

This cause is before the Court on the Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. No. 54). The Court, being duly advised, now **DENIES** the Plaintiff's motion for the reasons set forth below.

### I. FACTUAL BACKGROUND

On May 9, 2018, the Plaintiff filed suit against the Defendant alleging that the Defendant willfully or negligently violated the Fair Credit Reporting Act.

According to the Plaintiff, on or about December 13, 2012, the Plaintiff filed a Chapter 13 bankruptcy proceeding, Cause No. 12-14468-RLM-7, in the Southern District of Indiana. The Defendant was listed on the Plaintiff's Schedule D, showing a claim in the amount of $218,000.00. This proceeding was subsequently converted to a Chapter 7, and the Plaintiff received a discharge which covered the debt to the Defendant on December 13, 2016.

In approximately June 2017, the Plaintiff obtained a copy of her credit report from Experian Information Solutions, Inc. According to the Plaintiff:

> That report contained erroneous and misleading information as provided by a number of furnishers including [the Defendant]. Specifically, the Experian Credit Report failed to indicate [the Plaintiff's] former debt was discharged via the aforementioned Chapter 7 bankruptcy proceedings yet reported the mortgage

multiple times. In addition, the credit report suggested that [the Plaintiff] owed a balloon payment on the discharged obligation.

Dkt. No. 1 at 6. The Plaintiff sent Experian a letter dated June 9, 2017, disputing the information and explaining to Experian why she believed the reporting to be inaccurate and misleading. Experian is believed to have subsequently notified the Defendant of the dispute.

On August 18, 2018, Experian informed the Plaintiff that it had researched her dispute and determined that its reporting was correct. However, "Experian provided a copy of the tradeline as reported that merely reproduced the errors identified by [the Plaintiff] in [her] original dispute letter," including a balloon payment of $14,142.00 owed to the Defendant which failed to refer to the Chapter 7 proceeding. *Id*.

On July 3, 2018, the Defendant moved to dismiss the Plaintiff's Complaint. At issue was whether the Plaintiff's Complaint adequately alleged that the credit report contained an inaccuracy which could form the basis of the Plaintiff's claim. According to the Plaintiff:

> [T]he tradeline relative to the former obligation to [the Defendant] still failed to indicate that the debt was discharged, stated that [the Plaintiff] owed a balloon payment of $14,142.00 due December 2013, and unlike each of the other tradelines failed to refer to [the Plaintiff's] Chapter 7 proceedings.

Dkt. No. 1 at 6. The Court found that the facts alleged by the Plaintiff failed to demonstrate an inaccuracy because the tradeline was accurate at the time it was reported. Dkt. No. 52 at 3. Furthermore, the Court also rejected the Plaintiff's argument that the inclusion of the tradeline was misleading, noting that the credit report did in fact show the discharge of the debt through Chapter 7 bankruptcy. *Id*. Finally, taking judicial notice of the proof of claim filed by the Defendant in the bankruptcy proceeding, the Court found that the facts before it belied the Plaintiff's argument that the tradeline was inaccurate at the time it was recorded. *Id*. Accordingly, the Court granted the Defendant's motion to dismiss, and on November 28, 2018. Dkt. No. 52. In so doing, the Court stated that "[i]f the Plaintiff believes she can in good faith

assert facts that state a claim against the Defendant, she may file a motion for leave to file an amended complaint within fourteen days of the date of this Entry." *Id*. at 4. The Plaintiff timely filed the motion on December 12, 2018, and the Defendant responded on December 26, 2018. The Plaintiff has not filed a reply, and the time for doing so has passed.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, "[t]he court should freely give leave when just so requires." However, "[a]lthough leave to amend a complaint should be freely granted when justice so requires, the district court need not allow an amendment . . . when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). Furthermore, amendment "is futile if it would not withstand a motion to dismiss." *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

## III. DISCUSSION

In its entry on the Defendant's motion to dismiss, the Court dismissed the Plaintiff's Complaint because it failed to allege an inaccuracy which could support the Plaintiff's Fair Credit Reporting Act claim. The Plaintiff now seeks leave to file an Amended Complaint to add factual allegations that the credit report is inaccurate because the Plaintiff never owed the $14,142.00 at issue and because the credit report fails to show the discharge through Chapter 7 bankruptcy of the Plaintiff's loan. However, in its prior entry, the Court noted that "the proof of claim filed by the Defendant in the bankruptcy belies th[e] assertion [that the information reported by the Defendant was inaccurate at the time it was reported]" and that "the credit report shows . . . [the] subsequent discharge through Chapter 7 bankruptcy." Dkt. No. 52 at 3-4.

3

Nothing in the Plaintiff's proposed Amended Complaint changes that conclusion.[1] *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) ("A plaintiff can plead [her]self out of court by pleading facts that show that [s]he has no legal claim."). Accordingly, the Plaintiff's motion for leave to file the Amended Complaint is **DENIED** because the amendment sought would be futile.

IV. **CONCLUSION**

For the reasons set forth above, the Plaintiff's Motion for Leave to File a First Amended Complaint, Dkt. No. 54, is **DENIED**. Judgment will be entered in favor of the Defendant on all of the Plaintiff's claims.

SO ORDERED: 1/9/2019

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] As it did in its prior entry, the Court takes judicial notice of the proof of claim, upon which both parties rely. "A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment," and "[j]udicial notice of . . . documents contained in the public record . . . is proper." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

4